## Case No. 9,702.

### MOLSON et al. v. HAWLEY.

### [1 Blatchf. 409.][1]

### Circuit Court, N. D. New York. Oct. Term, 1849.

BILLS AND NOTES — ACCOMMODATION PAPER — HOLDER WITH NOTICE—GIVEN FOR PRIOR DEBT—AMOUNT RECOVERABLE.

1. Where a promissory note was endorsed by H., without restriction, for the accommodation of T., and was applied by T. to the payment and satisfaction of a note of like amount held by M. against T., then due and unpaid: *Held*, that M. could recover against H. on the note, although M. when he received the note knew that it was accommodation paper.

[Cited in brief in Faulkner v. Faulkner, 73 Mo. 335.]

2. Especially could M. recover, where the prior note held by him was a note endorsed by H., on which H. stood at the time charged as endorser.

3. Where a note was endorsed by H., without restriction, for the accommodation of T., and was applied as security for the payment of a subsisting account due from T. to M.: *Held*, that M. could recover against H. on the note, whether M. when he took the note knew or did not know that it was accommodation paper.

[Cited in Thatcher v. West River Nat. Bank, 19 Mich. 202.]

4. In such case, the amount recoverable on the note is prima facie the amount shown to have been due on the account at the time the note was taken by M., although no settlement or liquidation of the account is proved.

5. And, where M.'s agent, prior to the taking of the note, presented to T. an account current between T. and M., and the agent and T., after examining the account, concluded upon the amount then due to M.: *Held*, that the testimony of the agent to those facts, without the production of the account current, was competent and prima facie sufficient evidence, to show that the amount so concluded upon was due on the account at the time M. took the note.

Assumpsit, by endorsees against endorser, on two promissory notes, tried before Conkling, J., in 1836. The notes were both of them dated Rochester, June 10th, 1834, made by Thorn & Frink, payable at the United

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

States Branch Bank, New-York, to the order of Jesse Hawley and endorsed by him, one for $2000, payable four months after date, and the other for $1500, payable three months after date. The notes were endorsed by Hawley for the accommodation and benefit of the makers, without restriction, and were passed by them into the hands of an agent of the plaintiffs [John Molson, Jr., and George Davies]. At the time the defendant endorsed the $2000 note, the plaintiffs held a note of a like amount made by Thorn & Frink and endorsed by the defendant, which was due and unpaid, and on which he had been duly charged as endorser. The plaintiffs took the last $2000 note in payment and satisfaction of the prior one. The $1500 note was taken by the plaintiffs' agent as security for the payment of a balance of account due from Thorn & Frink to the plaintiffs. The agent received the notes on the day of their date, and knew at the time that Hawley's endorsements were for the accommodation of Thorn & Frink. It appeared, on the trial, that there had been business transactions between the plaintiffs, who resided at Montreal, and Thorn & Frink, from 1831 to 1834, the latter shipping produce to the former for sale; and the plaintiffs gave evidence to show that a balance greater than the amount of the notes was due them from Thorn & Frink at the time their agent received the notes, although it did not appear that there had been any settlement or liquidation of the account, other than the one hereafter mentioned. The plaintiffs' agent testified that he went to Rochester in February, 1834, to obtain property or security from Thorn & Frink, and took with him an account current between the latter and the plaintiffs. The plaintiffs then proposed to give in evidence the declaration of Thorn & Frink as to the amount then due to the plaintiffs. This was objected to on the ground that Thorn & Frink were competent witnesses and should be produced. But the court decided that if the plaintiffs' agent went into an accounting with Thorn & Frink, and ascertained and settled any balance in that way, it was competent to prove the fact by the agent. He then testified that Thorn & Frink and himself examined the account and came to the conclusion that about the sum of $8400 was then due to the plaintiffs. The defendant objected to the reception of the testimony, on the grounds that the account current alluded to should be produced and that the evidence did not tend to prove any accounting.

At the conclusion of the evidence, the defendant's counsel requested the court to charge the jury, that if they believed from the testimony that the defendant was an accommodation endorser for Thorn & Frink of the notes in question, and that the plaintiffs took the notes from the makers either in payment of or as security for a pre-ex-

isting debt, the plaintiffs were not entitled to recover. The court refused so to charge and the defendant's counsel excepted. The defendant's counsel also requested the court to charge the jury, that if the defendant was an accommodation endorser of the notes for the benefit of the makers, and the plaintiffs received the notes from the makers as security for any balance that might be due them from the makers upon a settlement of their account, then the plaintiffs were not entitled to recover without showing a balance due upon a legal liquidation or settlement of such account. But the court instructed the jury that if they should be of opinion that there was any balance due from Thorn & Frink to the plaintiffs at the time the agent of the plaintiffs received the notes, the plaintiffs were entitled to recover such balance against the defendant upon the notes, although there had been no settlement or liquidation of the account between the plaintiffs and Thorn & Frink; but that it was incumbent on the plaintiffs to prove that such a balance was in fact due, and that their right of recovery was limited to the amount, not exceeding the amount of the notes, of the balance so proved. To this charge the defendant's counsel excepted. The jury found a verdict for the plaintiffs, and the defendant now moved for a new trial, on a bill of exceptions.

William Curtis Noyes, for plaintiffs.
Samuel Stevens, for defendant.

NELSON, Circuit Justice. Inasmuch as the $2000 note was endorsed by the defendant, without restriction, for the benefit of the makers, and was applied by them to the payment and satisfaction of a note of similar amount held by the plaintiffs against the makers, then due and unpaid, it was available in the plaintiffs' hands, notwithstanding it was accommodation paper and that fact was known to their agent at the time he thus received and applied it. Especially was that note available in the plaintiffs' hands, as it was applied to the payment and satisfaction of a like note of the makers endorsed by the defendant, and upon which he stood at the time charged as endorser. For aught that appears, the prior note was a valid security in the plaintiffs' hands, and the payment of it obligatory upon the defendant. Its application, therefore, was but the payment of the defendant's own note.

The $1500 note was available in the plaintiffs' hands, as it was endorsed without restriction, and applied to the payment or security for payment of a subsisting account due from the makers to the plaintiffs; and this, whether the plaintiffs or their agent knew or did not know that it was accommodation paper. The proof that the makers were indebted to the plaintiffs to the amount of the two notes, was competent and prima facie sufficient. New trial denied.